# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In re:  Case No.: 24-50786

**SUSANNE P. WAHBA**  Chapter: 11

Debtor.  ECF No. 11
_____/

STATE OF CONNECTICUT  )
 ) ss: New Haven
COUNTY OF NEW HAVEN  )

### AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY DEBTOR'S COUNSEL

Before me the undersigned officer, personally appeared **Michael J. Habib**, who, being duly sworn by me, deposes and says under oath as follows:

1. My name is Michael J. Habib and I am presently affiliated with Willcutts & Habib LLC whose office is located at 100 Pearl St., Fl. 14, Hartford, CT 06103. I am an attorney duly admitted to the practice of law in the State of Connecticut and in the United States District Court and United States Bankruptcy Court for the District of Connecticut.

2. I was engaged by the debtor for consultation prior to filing the debtor's bankruptcy petition, and I assisted the debtor in preparing the petition, schedules, statements, and lists. The terms of my representation with the debtor are for compensation on a flat-fee basis of $2,500 plus reimbursement of out-of-pocket expenses. I received payment of the flat-fee prior to filing the debtor's petition, which was paid on the debtor's behalf by a family member. I have not received any other

compensation from the debtor or any other entity in connection with my representation. I understand that I cannot share any compensation with attorneys other than members of my firm unless said professionals are also approved by this Court. I do not have any agreement to share compensation with other attorneys in this matter.

3. Immediately prior to filing the debtor's Chapter 11 case, I did incur out-of-pocket expenses totaling $258, which I advanced on behalf of the debtor in order to conduct a title search on the debtor's property and to obtain copies of relevant land records pertinent to this action, which has not yet been reimbursed.

4. I have no connections with the debtor, any creditor, other party-in-interest, their respective attorneys and/or accountants, the United States trustee, and/or any person employed in the Office of the United States trustee, except as follows:

   a. In 2017, I filed an appearance for the debtor in the state-court foreclosure action with Chase Bank, and actively represented the debtor in that action from September 2017 through approximately January 2019;

   b. My partner, Attorney Willcutts, actively represented the debtor in the action brought by the debtor against Chase Bank from 2013 until approximately April 2017;

   c. My partner, Attorney Willcutts, resumed actively representing the debtor in the Chase Bank action in July 2019, continuing through the present, including two appeals to the Connecticut Appellate Court

and an appeal to the Connecticut Supreme Court, and I assisted Attorney Willcutts with the briefing in all three appeals;

d. In September 2017, when I filed an appearance for the debtor in the Chase foreclosure action, I incorrectly believed that a defendant in the foreclosure action, Dr. Magdy Wahba, was the debtor's husband (non-filing spouse), Mahmoud Wahba, and I erroneously filed an Appearance for Dr. Magdy Wahba in that action at the same time that I appeared for the debtor in that action. I only later learned that Dr. Magdy Wahba is not the debtor's husband, but rather is the debtor's brother-in-law (the brother of the debtor's husband).

I was only retained by the debtor in the foreclosure action, and not by Dr. Magdy Wahba. I have never filed any pleadings on behalf of Dr. Magdy Wahba in the Chase foreclosure or otherwise advanced any argument or position for Dr. Magdy Wahba in that litigation. Indeed, Dr. Magdy Wahba was defaulted in the Chase foreclosure action well-before I appeared in the case for the debtor.

However, Dr. Magdy Wahba is a named defendant in the Chase foreclosure action, who was cited-into the action by Chase Bank when Chase filed a foreclosure counter-claim against the debtor. Dr. Magdy Wahba has a recorded interest in property of the debtor's estate, insomuch as in October 2010 the debtor gave a $1.3 million mortgage on the debtor's property (recorded at Volume 6029, Pages 285-89 of the Greenwich Land Records) to Dr. Magdy Wahba when

Dr. Magdy Wahba lent money to his brother, the debtor's husband. Dr. Magdy Wahba's mortgage is subordinate to the Chase mortgage. Notwithstanding the recorded mortgage to Dr. Magdy Wahba, it is understood, upon information and belief, that there is no genuine expectation of repayment of the loan between the brothers.

5. The facts as stated herein are true and correct in all cases where I have personal knowledge and other remaining facts and opinions are true and correct according to the best of my knowledge, information and belief.

6. I also understand that I must make a separate application for the approval of any additional fees and expenses that may be incurred during the pendency of the debtor's bankruptcy, and that such requests are subject to the Court's approval.

_____
Michael J. Habib

Sworn to and subscribed before me on this the 17th day of November, 2024.

_____                    (SEAL)
**Thomas P. Willcutts**
Commissioner of the Superior Court