UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| **SUSANNE P. WAHBA,** | Case No. 24-50786 (JAM) |
| **Debtor.** | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS THE DEBTOR'S CASE FOR FAILURE TO MAINTAIN APPROPRIATE INSURANCE

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), through counsel, hereby moves for an order dismissing the chapter 11 case of Susanne P. Wahba ("Debtor") pursuant to 11 U.S.C. § 1112(b)(4)(C). In support thereof, the United States Trustee represents and alleges that the Debtor has failed to demonstrate any insurance that insures the Debtor for the residential real estate owned by the Debtor. In support of his motion, the United States Trustee states the following:

### FACTS

1. The Debtor filed a voluntary chapter 11 petition ("Petition") on November 14, 2024 ("Petition Date") along with Schedules A-J. ECF 1. Attorney Michael Habib signed the Petition ("Counsel"). *Id.*

2. Also on November 14, 2024, the Debtor, through Counsel, filed her List of the 20 Largest Unsecured Creditors (Form B104), Statement of Financial Affairs, Chapter 11 Means Test, and other required documents. ECF 1, 2, 5, and 6.

3. The Debtor is operating as a debtor in possession pursuant to Sections 1106 and 1107. No trustee or examiner has been appointed.

**Residence and Creditors**

4.      According to Schedule A/B, the Debtor resides at and owns residential real estate known as 111 Byram Shore Road, Greenwich, Connecticut ("Residence"). *See* ECF 1 at Schedule A/B at question 1; *see* Petition at question 5. The Residence is described as a "6,828 sq. ft; 6 BR; 6 BATH; 2 STOR; 1.5 ACRE ON LONG ISLAND SOUND." *See* ECF 1 at Schedule A/B at question 1.

5.      According to Schedule A/B, the Residence is valued at $8.5 million. *See* ECF 1 at Schedule A/B at question 1. According to Schedule D, the Residence is subject to one mortgage, three judgment liens and a tax lien which are in the aggregate of $6,528,900.97. *See* ECF 1 at Schedule D. The Debtor claims a $250,000 homestead exemption on Schedule C. *See* ECF 1 at Schedule C.

6.      According to Schedule E/F, the Debtor owes $2,691.56 in priority unsecured debt and $202,848.56 in general unsecured debt. *See* ECF 1 at Schedule E/F.

7.      The Residence is subject to two pending foreclosure actions. In one, the Town of Greenwich has obtained a judgment of foreclosure by sale (Case No. FST-CV21-6052081-S). In the other, JPMorgan Chase Bank, NA (Case No. FST-CV13-6019828-S) ("Chase Foreclosure Action") has obtained a judgment of foreclosure by sale. A copy of the docket the Chase Foreclosure Action attached as Exhibit A.

8.      The docket in the Chase Foreclosure Action indicates that the foreclosure sale was scheduled for November 16, 2024. *See* Exhibit A at Entry 254.03; *see* Order at Entry 254.03 attached as Exhibit B. Accordingly, the chapter 11 bankruptcy was filed just two days prior the foreclosure sale and this case was filed to stop the foreclosure sale.

9. The debt owed to JPMorgan Chase Bank, NA ("Chase") per the Order at Exhibit B is $7,585,591.32 ("Chase Debt"), which is substantially less than the $5,566,023.56 debt figure listed on Schedule D. *Compare* ECF 1 with Exhibit B. Based on the Chase Debt, other debts listed on Schedule D, as well as the Debtor's claimed $250,000 homestead exemption on Schedule C, there is no equity for creditors in the Residence.

10. According to Schedule I, the Debtor is not employed and her sources of income are social security, a pension, and support from a "RELATIVE." *See* ECF 1 at Schedule I.

## Request for insurance

11. By email on November 14, 2024 (the Petition Date), and in a follow up email on November 15, 2024, the United States Trustee requested proof of insurance demonstrating that the Debtor was appropriately insured for liability and property with respect to the Residence.

12. Today, November 18, 2024, Counsel for the Debtor advised the undersigned that the Debtor does not have her own insurance for the Residence. Counsel for the Debtor further advised that Chase has a forced place insurance policy that insures Chase as to the Residence for property and flood coverage, but no liability coverage.

13. The Debtor and the estate are not insured as to the Residence for either property or liability.

## ARGUMENT

Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

3

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term 'cause' includes--
>
>> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>>
>> . . .
>>
>> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> . . .

11 U.S.C. § 1112(b).

Thus, with limited exceptions, Section 1112(b) mandates that the Court dismiss or convert a chapter 11 case where any of the acts or omissions identified as "cause" in Section 1112(b)(4) exist. *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn., Weil, J.); *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M. D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The mandatory language of Section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the Court's discretion. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway*

*Access Solutions, Inc.*, 374 B.R. at 560. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. at 498.

Under Section 1112(b)(2), a debtor can avoid dismissal or conversion where the debtor shows that there is "reasonable justification" for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. 11 U.S.C. § 1112(b)(2); *In re Van Eck*, 425 B.R. at 58-59; *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 561.

### THE ABSENCE OF APPROPRIATE INSURANCE IS *CAUSE* TO DISMISS THE DEBTOR'S CASE UNDER SECTION 1112(b)(4)(C).

According to 11 U.S.C. § 1112(b)(4)(C), a chapter 11 case should be dismissed or converted if the debtor's failure "to maintain appropriate insurance" poses a risk to the estate or to the public. Where a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *In re Van Eck*, 425 B.R. at 61 (failure to maintain property and liability insurance on debtor's residence constitutes cause for dismissal)*; Gilroy v. Ameriquest Mortgage Co., et al (In re Gilroy)*, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal).

To date, the Debtor has failed to provide proof of any insurance policy that insures her with respect to the Residence. The Debtor's failure to demonstrate appropriate insurance places the risk of an uninsured event on this bankruptcy estate. Dismissal is appropriate under Section

5

1112(b)(4)(C) because the Debtor has failed to demonstrate appropriate insurance that insures the Debtor.

WHEREFORE, the United States Trustee requests that the Court dismiss this case and grant other relief as may be just and appropriate.

Dated:  November 18, 2024  
       New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By: /s/ Holley L. Claiborn  
Holley L. Claiborn  
Trial Attorney  
Office of the United States Trustee  
Giaimo Federal Building, Room 302  
150 Court Street, New Haven, CT 06510  
Holley.L.Claiborn@usdoj.gov  
(203) 773-2210  
Federal Bar No.: ct17216 (Connecticut)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| SUSANNE P. WAHBA, | Case No. 24-50786 (JAM) |
| Debtor. | |

_____

*PROPOSED*
**ORDER GRANTING THE UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS THE DEBTOR'S CASE**

The United States Trustee having moved to dismiss the case of Susanne P. Wahba (the "Debtor") for failure to maintain appropriate insurance as required by 11 U.S.C. § 1112(b)(4)(C), and upon proper notice and a hearing held on November _____, 2024, and cause having been found for dismissal, it is hereby

**ORDERED** that the Debtor's case is dismissed.