**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| SUSANNE P. WAHBA, | Case No. 24-50786 (JAM) |
| Debtor. | Re: ECF 11 |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY ATTORNEY MICHAEL HABIB AS COUNSEL TO THE DEBTOR**

  William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through his undersigned counsel, hereby objects to the application of debtor Susanne P. Wahba ("Debtor") to employ Attorney Michael Habib as her chapter 11 attorney ("Retention Application") (ECF 11) on the grounds that Attorney Michael Habib and his firm, Willcuts & Habib, LLC ("Firm"), have a conflict of interest as more fully discussed herein which prevents Attorney Habib from satisfying Section 327(a). Additionally, Attorney Habib has failed to meet the requirements of Rule 2014(a) by not disclosing all of the connections, or lack thereof, of the Firm to all of the parties listed in Rule 2014(a). Further, there are additional concerns relating to the retention of Attorney Habib. In support of his objection, the United States Trustee states the following:

**I.  Facts**

  1.  The Debtor filed a voluntary chapter 11 petition ("Petition") on November 14, 2024 ("Petition Date") along with Schedules A-J. ECF 1. Attorney Habib signed the Petition. *Id.*

1

2.	Also on November 14, 2024, the Debtor, through Attorney Habib, filed her List of the 20 Largest Unsecured Creditors (Form B104), Statement of Financial Affairs, Chapter 11 Means Test, and other required documents. ECF 1, 2, 5, and 6.

3.	The Debtor filed amended Schedules AB, C, and I on November 25, 2024. ECF 25.

4.	The Debtor is operating as a debtor in possession pursuant to Sections 1106 and 1107. No trustee or examiner has been appointed.

### Residence and Creditors

5.	According to Schedule A/B, the Debtor resides at and owns residential real estate known as 111 Byram Shore Road, Greenwich, Connecticut ("Residence"). *See* ECF 25 at Schedule A/B at question 1; *see* Petition at question 5. The Residence is described as a "6,828 sq. ft; 6 BR; 6 BATH; 2 STOR; 1.5 ACRE ON LONG ISLAND SOUND." *See* ECF 25 at Schedule A/B at question 1.

6.	According to Schedule A/B, the Residence is valued at $8.5 million. *See* ECF 25 at Schedule A/B at question 1. According to Schedule D, the Residence is subject to one mortgage, three judgment liens and a tax lien which are in the aggregate of $6,528,900.97. *See* ECF 1 at Schedule D. The Debtor claims a $250,000 homestead exemption on Schedule C. *See* ECF 1 at Schedule C.

7.	The Residence is subject to two pending foreclosure actions. In one, the Town of Greenwich has obtained a judgment of foreclosure by sale (Case No. FST-CV21-6052081-S). In the other, JPMorgan Chase Bank, NA (Case No. FST-CV13-6019828-S) ("Chase Foreclosure Action") has obtained a judgment of foreclosure by sale. A copy of the docket the Chase

Foreclosure Action attached as Exhibit A to the United States Trustee's Motion to Dismiss filed at ECF 13.

8. The docket in the Chase Foreclosure Action indicates that the foreclosure sale was scheduled for November 16, 2024. *See* ECF 13 at Exhibit A at Entry 254.03; *see* Order at Entry 254.03 attached as Exhibit B to ECF 13. Accordingly, the chapter 11 bankruptcy was filed just two days prior the foreclosure sale and this case was filed to stop the foreclosure sale.

9. The debt owed to JPMorgan Chase Bank, NA ("Chase") per the Order at Exhibit B to ECF 13 is $7,585,591.32 ("Chase Debt"), which is substantially less than the $5,566,023.56 debt figure listed on Schedule D. *Compare* ECF 1 with ECF 13 at Exhibit B. Based on the Chase Debt, other debts listed on Schedule D, as well as the Debtor's claimed $250,000 homestead exemption on Schedule C, there is no equity for creditors in the Residence.

10. According to Schedule E/F, the Debtor owes $2,691.56 in priority unsecured debt, of which the amount of $282.00 is owed to the Firm. *See* ECF 1 at Schedule E/F.

11. According to Schedule E/F, the Debtor owes $202,848.56 in general unsecured debt to the Barclay Damon law firm. *See* ECF 1 at Schedule E/F. This debt appears to be in error as it is legal fees for the firm that represents Chase in the Chase Foreclosure Action and thus those fees are not directly owed to the firm, but instead are owed to Chase as part of the Chase Debt.

12. According to Amended Schedule I, the Debtor is not employed and her sources of income are social security, a pension, and support from a "RELATIVE." *See* ECF 25 at Schedule I.

13.     Due to a lack of unsecured creditors, the United States Trustee has not been able to appoint an Official Committee of Unsecured Creditors.

### Retention Application

14.     On November 18, 2024, the Debtor filed the Retention Application seeking to employ Attorney Habib of the Firm as her counsel. ECF 11. The affidavit of Attorney Habib is attached to the Retention Application ("Habib Affidavit"). *Id.*

15.     The Retention Application at paragraph 2 and the Habib Affidavit disclose that the Attorney Habib and another member of the Firm represented the Debtor pre-petition in connection with the two foreclosure actions regarding the Residence. The Retention Application at paragraph 5 states that no fees are due to the Firm for that representation, and the Retention Application is silent as to the billing and payment history for the 90-day preference period. Schedule E/F contradicts the Retention Application and lists $282.00 in priority debt for attorneys' fees owed to the Firm. *See* ECF 1 at Schedule E/F. Further, the Retention Application discusses $258.00 in expenses owed to the Firm. *See* Retention Application at ¶4; Habib Affidavit at ¶ 3.

16.     The Retention Application and the Habib Affidavit also disclose a client relationship with Dr. Magdy Wahba in connection with the Chase Foreclosure Action regarding the Residence.  *See* Retention Application at ¶ 6(d); Habib Affidavit at ¶ 4(d). Dr. Magdy Wahba is the brother of the Debtor's husband, and a secured creditor of the Debtor based on a mortgage on the Residence in the amount of $1.3 million ("MW Mortgage"). *Id.*  The Chase Foreclosure Action lists the MW Mortgage in favor of Dr. Magdy Wahba, but the MW Mortgage was

4

omitted from Schedule D. *See* ECF 13 at Exhibit A and ECF 1 at Schedule D.

17. The Habib Affidavit does not fully disclose what connections his Firm has to each of the parties in Rule 2014(a). Currently, the Habib Affidavit only appears to address the connections of Attorney Habib to the parties in Rule 2014(a).

18. The Retention Application does not discuss Attorney Habib's experience representing debtors in chapter 11, nor the services proposed to be rendered in this case to the Debtor. Upon information and belief, Attorney Habib has not previously represented a debtor in chapter 11. Further, Attorney Habib proposes to represent the Debtor on a flat fee of $2,500. This amount is atypical for a chapter 11 case. Lastly, the source of the $2,500 retainer is described as a "family member" and thus has not been sufficiently disclosed in the Retention Application.

19. By email sent on November 20, 2024, the undersigned notified Attorney Habib of the issues raised in this objection.

**II.    Attorney Habib fails to satisfy the requirements of Section 327(a).**

*A.*    <u>*Legal Standards Governing Retention by the Debtors*</u>

Pursuant to Section 327(a), there are two requirements for retention of counsel to represent a debtor's estate: (1) the attorney must not "hold or represent an interest adverse to the estate," and (2) the attorney must be a "disinterested person." 11 U.S.C. § 327(a); *Vouzianas v. Ready & Pontisakos (In re Vouzianas)*, 259 F.3d 103, 107 (2d Cir. 2001). Section 327(c) also applies when counsel represents a creditor of the debtor:

> (c) In the case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or

5

>   the United States trustee, in which case the court shall disapprove such
>   employment if there is an actual conflict of interest.

11 U.S.C. § 327. Section 327(c) "does not obviate the essential requirement that a professional not have an interest adverse to the estate." *In re Project Orange Assocs., LLC*, 431 B.R. 363, 371 (Bankr. S.D.N.Y. 2010) (citing *In re Arochem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999)). Where there is an objection to the retention of proposed counsel for the debtor and an actual conflict of interest exists, the Court must disqualify the counsel. *In re Project Orange Assocs., LLC*, 431 B.R. at 371.

The Second Circuit defines "adverse interest" as follows:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Arochem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999). The "determination of an adverse interest is objective and concerned with the appearance of impropriety." *In re Angelika Films 57th Inc.*, 227 B.R. 29, 38 (Bankr. S.D.N.Y. 1998). "The disqualifying adverse interest addressed in § 327. . . is either an actual or a reasonably probable conflict of interest." *In re AroChem Corp.*, 181 B.R. 693, 700 (Bankr. D.Conn. 1995) (Shiff, J.), *aff'd, In re AroChem Corp.*, 176 F.3d 610 (2nd Cir. 1999). "Whether an adverse interest exists is best determined on a case-by-case basis." *In re Arochem Corp.*, 176 F.3d at 623 (*citations omitted*). The standards in section 327(a) are "phrased in the present tense, permitting representation by professionals 'that do not *hold* or *represent* an interest adverse to the estate.'" *Id*. (emphasis in original).

The Bankruptcy Code defines a "disinterested person" as one who is "not a creditor, equity security holder, or an insider," and who "does not have an interest materially adverse to

6

the interest of the estate or any class of creditors … by reason of any indirect or direct relationship to, connection with, or interest in, the debtor … ." 11 U.S.C. § 101(14)(A) and (E). "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap.  To this extent, the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); *see also JMK Construction Group, Ltd.*, 441 B.R. 222, 229 (Bankr. S.D.NY. 2010).

Bankruptcy Rule 2014(a) requires affirmative disclosure in a retention application of, "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." Fed. R. Bankr. P. 2014(a).  "It is abundantly clear that Fed. R. Bankr. P. 2014(a) requires a significant level of disclosure of the proposed professional's 'connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants' … ." *In re Matco Electronics Group, Inc.*, 383 B.R. 848, 852-853 (Bankr. N.D.N.Y. 2008).  Furthermore,

> It is equally clear that the level of disclosure outlined in the Rule is mandatory, whether or not that disclosure would unearth a conflict of interest.  It is also apparent that the obligation to disclose is not a subjective one, whereby the professional discloses only those "connections" that he/she/it concludes are relevant …
>
> As indicated, the existence of a conflict of interest is not the quid pro quo for whether or not the disclosure must be made.  Sanctions are imposed for the failure to disclose, regardless of the consequences of the non-disclosure … '[I]n the Second Circuit a violation of the disclosure rule alone is sufficient to deny compensation regardless of whether the undisclosed connection was materially adverse to the estate.'

*Id.* (*internal citations omitted*); *see also In re Peterson*, 163 B.R. 665, 670 (Bankr. D. Conn.

7

1994) (citing *Futuronics Corp. v. Arutt, Nachamie & Benjamin (Matter of Futuronics Corp.)*, 655 F.2d 463, 469 (2d Cir. 1981) ("As a general rule, the consequences of failure to make a full disclosure under Section 327(a) and Rule 2014(a) is the denial of all compensation for post-petition services.")). "Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees … disclosures must be direct and comprehensive; that is, the attorney must make a full, candid and complete disclosure." *In re Chin Kim*, 2012 WL 3907490 at *4 (Bankr. E.D.N.Y. 2012) (*internal citations omitted*).

"Counsel for a chapter 11 debtor owes a fiduciary duty of loyalty and care to his client, which is the debtor-in-possession." *In re Angelika Films 57th Inc.,* 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998) (*citing In re Rancourt*, 207 B.R. 338, 360 (Bankr. D. NH 1997)) (debtor's counsel, who also represented debtor's principal, denied all compensation due to conflict). Disqualification of counsel is appropriate when "'it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation'" *In re Granite Partners, L.P.,* 219 B.R. at 33 (quoting *In re Leslie Fay Cos.,* 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994)).

"'By regulating the trustee's ability to hire professionals, section 327 serve[s] the important policy of ensuring that all professionals appointed [to represent the trustee] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.'" *In re Homesteads Community at Newtown, LLC*, 390 B.R. 32, 47 (Bankr. D.Conn. 2008) (*quoting In re AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999)). "The mandatory provisions of section 327(a) do not allow for waiver." *In re Granite Partners, L.P.*, 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998) (*citations omitted*). "The burden is on the objecting

8

party to prove a disqualifying conflict of interest." *In re Homesteads Community at Newtown, LLC*, 390 B.R. at 48.

    B.  *Failure to satisfy Section 327(a)*

It is undisputed that Attorney Habib is counsel of record to Dr. Magdy Wahba in the Chase Foreclosure Action. Pursuant to the MW Mortgage, Dr. Magdy Wahba is a secured creditor of the Debtor. By virtue of the foregoing, Attorney Habib fails to satisfy the requirements of Section 327(a) and is thus ineligible to serve as Debtor's chapter 11 counsel. To attempt to satisfy Section 327(a), Attorney Habib must cease representation of Dr. Magdy Wahba and obtain an unrestricted conflict waiver from him.

Additionally, the Firm is listed on Schedule E/F and the Retention Application as a creditor of the Debtor. Unless waived, this further disqualifies Attorney Habib from serving as counsel to the Debtor.

Further, Attorney Habib has not yet fully met the disclosure requirements of Rule 2014(a) for his Firm. Until full disclosure is made, it is unknown whether Attorney Habib or the Firm holds or represent other interests that may disqualify Attorney Habib from representing the Debtor. Finally, this is Attorney Habib's first foray into chapter 11 and this presents concerns about his qualifications to serve as counsel to the Debtor and fulfill his obligations to the estate and its creditors.

9

WHEREFORE, for all of the foregoing reasons, the United States Trustee seeks the denial of the Retention Application and any other relief as may be appropriate.

Dated:  December 2, 2024  
       New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:  /s/ Holley L. Claiborn  
Holley L. Claiborn  
Trial Attorney  
Office of the United States Trustee  
Giaimo Federal Building, Room 302  
150 Court Street, New Haven, CT 06510  
Holley.L.Claiborn@usdoj.gov  
(203) 773-2210  
Federal Bar No.: ct17216 (Connecticut)

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing Objection was served on all parties listed below via the Electronic Case Filing System maintained by this Court:

- **Michael J. Habib**    mike@inzitarilawoffice.com, mike.inzitarilawoffice.com@recap.email

- **Linda St. Pierre**    bankruptcyecfmail@mccalla.com, Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com


                                                      /s/ Holley L. Claiborn
                                                      Holley L. Claiborn