1NITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE:<br>SUSANNE P. WAHBA<br>    DEBTOR | : CHAPTER 11<br><br>: CASE NO. 24-50786<br><br>: FEBRUARY 7, 2025 |

OBJECTION TO DEBTOR'S MOTION FOR RELIEF FROM DISMISSAL ORDER

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase"), a secured creditor in the above bankruptcy case with a 1ˢᵗ mortgage on property located at 111 Byram Shore Road, Greenwich, CT 06830-6907, by and through its undersigned counsel, respectfully objects to Susanne P. Wahba's ("Debtor") Motion for Relief from Dismissal Order (ECF 38). In support of its Objection, Chase respectfully alleges as follows:

A. HISTORY AND PROCEDURE BACKGROUND

1. On September 29, 2003, the Debtor Susanne P. Wahba executed and delivered or is otherwise obligated with respect to that certain promissory note on property located at 111 Bryam Shore Road, Greenwich, CT 06830 in the original principal amount of $4,500,000.00. *See Exhibit A*. Pursuant to that certain Open-End Mortgage Deed ("Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. *See Exhibit B*. The Mortgage has been assigned to Chase pursuant to that certain assignment or assignments of mortgage. *See Exhibit C*. A Loan Modification Agreement was thereafter executed on September 4, 2012. *See Exhibit D*.

2. An action entitled Susanne P. Wahba v. JPMorgan Chase Bank, N.A. was filed on

September 17, 2013. *CV13-6019828-S*. On June 28, 2018, a Memorandum of Decision entered against the Debtor on her claim against Chase of unfair trade practices in in favor of Chase on its request for judgment of foreclosure. *See Exhibit E*. On November 26, 2018, a Judgment of Strict Foreclosure entered against the Debtor setting a law-day of January 22, 2019. *See Exhibit F*. On December 18, 2018, an Appeal was taken to the Appellate Court which on October 20, 2020 was dismissed by the Appellate Court. *See Exhibit G*. On December 21, 2020, the Debtor filed a Petition for Certification which was denied on January 26, 20221. *See Exhibit H*. On November 8, 2021, a Motion for Termination of Stay was granted in favor of Chase. *See Exhibit I*. On September 30,2024, a Motion for Judgment of Strict Foreclosure re-entered setting a sale date of November 16, 2024. *See Exhibit J*.

3. On November 14, 2024, the Debtor filed a Chapter 11 case. On December 12, 2024, an Order entered Dismissing the Chapter 11 case for failure to provide documents to the U.S. Trustee. On January 2, 2025, a Motion for Relief from Judgment/Order was field by the Debtor to which Chase now objects.

**B. ARGUMENT:**

**The Debtor does not meet the standards of a Motion to Reconsider and the Motion to Reconsider is untimely filed pursuant to Fed. R. Civ. P. 59 and B.R.C.P. 9023.**

A moving party has a time limit of 14 days to file a Motion for Reconsideration from entry of the Order to which the moving party seeks relief from. See Fed. R. Civ. P. 59 and Bankr. Rule 9023. The Order Dismissing Case entered on December 12, 2024. In order to meet the 14 day deadline, the Debtor was required to file her Motion to Reconsider on or before December 26, 2024 unless otherwise

granted an extension. The Debtor's Motion was not filed until January 3, 2025 and no extension of time was granted. Therefore, the Debtor's Motion is untimely and fatal as a matter of law.

Furthermore, the Debtor has failed to meet the standards of a Motion to Reconsider. In order to prevail on a Motion to Reconsider, a moving party must sustain his burden of proof to provide the Bankruptcy Court with a demonstration that the limited grounds allowing reconsideration have been met. The Second Circuit line of cases is well vetted and has established a long standing standard for granting a motion for reconsideration which is strict; motions for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, or matters that might reasonably be expected to alter the conclusion reached by the court. The three major grounds for granting a motion for reconsideration in the Second Circuit are: 1) an intervening change of controlling law, 2) the availability of new evidence, or 3) the need to correct a clear error or prevent manifest injustice, and 4) a need to prevent manifest injustice; essentially, situations where the court overlooked a significate legal point, received new information that could significantly alter the outcome, made a clear legal mistake, or where denying reconsideration would result in a gross injustice. *In re Sagecrest*, 2012 Bankr. LEXIS 502 (Bankr. D. Conn. 2012, J. Shiff), citing *In re NatTel, LLC*, 2010 U.S. Dist. LEXIS 73998, 2010 WL 2977133, (D. Conn. July 22, 2010); *Kolel Beth Yechiel Mechil of Tarikov, Inc. v. YLL Irrevocable Trust, et al.*, F.3d, 2013 WL 4609199 *8 (2nd Cir. 2013), citing *Virgin Atlantic Airways, Ltd. V. National Mediation Board*, 956 F.2d 1245, 1255 (2nd Cir. 1992).

The Debtor's Motion fails to provide any law or fact that would justify a case reinstatement after failing to adhere to deadlines imposed by the Court and the U.S. Trustee's Office. The Debtor's current Motion is nothing more than yet another dilatory attempt to stall the Respondent from taking title to the subject Property. The Debtor's Motion to Reconsider fails to show 1) an intervening change

of controlling law, 2) the availability of new evidence, 3) the need to correct a clear error or prevent manifest injustice and thus should be denied as a matter of law, and 4) a need to prevent manifest injustice.

### The Debtor's Case Should Remain Dismissed Because There Is A Continuing Loss And/Or Diminution Of The Estate And The Absence Of A Reasonable Likelihood Of Rehabilitation

Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part:

(1) Except as provided in paragraph (2) of this subsection…, on request of a party in interest…absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
(2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not (sic) in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that
    (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title…; and
    (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)
        (i) for which there exists a reasonable justification for the act or omission; and
        (ii) that will be cured within a reasonable period of time fixed by the court.
(3) For purposes of this subsection, the term "cause" includes..
    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation

With limited exceptions, Section 1112(b) as stated above mandates that the Court dismiss or convert a chapter 11 case where any of the acts or omission identified as 'cause' in Section 1112(b)(4) exists. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D.Pa 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr.D.Colo.2006). The mandatory language of Section

1112(b) is a substantial departure from the former law where dismissal was left to the Court's discretion. *In re Emergystat of Sulligent, Inc.*, Id.; *In re Gateway Access Solutions*, Id "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it "shall" dismiss or convert a case under Chapter 11 if the elements for "cause" are shown under 11 U.S.C. §1112(b)(4)." *In re TCR of Denver*, Id.

Only one exception to mandatory conversion or dismissal is available which is found in Section 1112(b)(2) which requires a debtor to show there is "reasonable justification" for the deficiencies and that they will be cured within a reasonable period of time. In *re Emergystate of Sulligent*, Id., *In re Gateway Access Solutions, Inc.*, Id.

A debtor's case shall be dismissed or converted under Section 1112(b)(4)(A) if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. *In re FRGR Managing Member, LLC*, 419 B.R. 576, 581 (Bankr. S.D.N.Y. 2009). A debtor's failure to file a confirmable plan within a reasonable time, compounded with negative case flow has been found to constitute cause under Section 1112(b)(4)(A). See, e.g., *In re Haines*, 2010 WL 252183 (W.D. Wash.2010)(pro se chapter 11 dismissed due to losses during chapter 11, lack of meaningful progress to a plan in 15 months of bankruptcy, and inability to fund a plan); *In re Miell*, B.R. 357 (Bankr. N.D.Iowa 2009) (conversion to chapter 7 appropriate due to failure to pay real estate taxes and failure to have positive cash flow); *In re Johnson*, 2008 WL 696917 (Bankr.E.D.Pa. 2008) (individual chapter 11 case dismissed due to debtor's inability to confirm plan due to lack of funds).

Chase maintains that there were grounds to not only dismiss the case for the Debtor's failure to timely provide requested documents by the deadline set forth by the U.S. Trustee but more importantly there are additional grounds that do not warrant reinstating this case.

The Debtor's Chapter 11 case is not confirmable as a matter of law and unfeasible. Chase underwent a torturous and dilatory history of pleadings in the underlying State Court Action for a period of 12 months. Chase's total debt as of the Chapter 11 filing was $7,630,058.54 with pre-petition arrears owing of $3,412,783.72 and a monthly on-going mortgage payment due of $25,167.09. The Debtor is contractually due for the March 1, 2013 payment. Chase has advanced $701,155.54 in escrow for taxes and insurance as of the date of the Chapter 11 filing. In addition, there are delinquent taxes owing the Town of Greenwich on the Property in the amount of $953,994.57 per the Town of Greenwich. Debtor's Schedule I shows a net monthly income of $7,733.33 and Schedule J shows a net negative income of -$25,681.64 which clearly shows this case was unfeasible at the time the case was filed. Debtor's Plan states an intention to rent out certain parts of her home however that is speculative and does not form the basis for a feasible Plan. In addition, there is no indication that rent from renting out rooms in a residential home would produce the required monthly payment to cure a $3,412,783.72 arrearage over a reasonable period of time. In addition, a re-amortization of the $7,630,058.34 at the current interest rate over 30 years would amount to a $48,227.16 monthly principal and interest payment which together with monthly required escrow for hazard insurance would amount to a monthly payment of at least $52,544.33 and this amount does not take into account the required monthly taxes that come due of $4,968.22. This would leave a total due by the Debtor of at least $57,512.55 per month. Debtor was previously granted a Loan Modification back on September 4, 2012 and defaulted on same which at that time the principal balance was only at $4,846,863.64. Chase debt has increased to over $7,630,058.34. Chase is the largest creditor and holds the controlling vote.

Case 24-50786    Doc 45    Filed 02/07/25    Entered 02/07/25 16:42:30    Page 7 of 9

Therefore, without Chase's vote, which is does not intent to provide, the Debtor's case is unconfirmable as a matter of law. Debtor's Schedule A states a fair market value of the property at $8,500,000.00. Chase's total debt together with the delinquent taxes owing the Town of Greenwich show there is no equity in the Property. Chase maintains that vacating the dismissal of this Chapter 11 case would serve no purpose other than to waste judicial resources, clog the docket with an unfeasible and unconfirmable case and delay Chase's underlying foreclosure action.

## Conclusion

The Debtor's Motion is untimely, and Debtor has failed to meet her burden of proof to show that this Chapter 11 case should be reinstated. Consequently, the Debtor's Motion should be denied.

Respectfully submitted,
JPMorgan Chase Bank National Association
by its attorney,

*/s/Linda  St. Pierre*
Linda St. Pierre (ct22287)
Linda.St.Pierre@mccalla.com
McCalla Raymer Leibert Pierce LLP
280 Trumbull Street, 23rd FL
Hartford, CT 06103
T: 860-240-9156

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
SUSANNE P. WAHBA : CHAPTER 11
DEBTOR

: CASE NO. 24-50786

: FEBRUARY 7, 2025

## CERTIFICATION

I hereby certify that a copy of the foregoing was served via ECF e-mail or via first-class, postage prepaid mail on this 7th day of February, 2025 to:

Susanne P. Wahba
111 Byram Shore Rd.
Greenwich, CT 06830-6907
(Debtor)

Michael J. Habib                                                          *served via ECF Notification*
Willcutts & Habib LLC
100 Pearl St.
Ste Flr. 14
Hartford, CT 06103-4500
(Debtor's Attorney)

Holley L. Claiborn                                                        *served via ECF Notification*
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(Attorney for U.S. Trustee)

*U.S. Trustee*                                                             *served via ECF notification*
U. S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building

150 Court Street, Room 302
New Haven, CT 06510

                                                      */s/Linda  St. Pierre*
                                                      Linda St. Pierre