# EXHIBIT D

BK 6433 PG 0123

OCT 11 2012

Received for Record

At 11:48 o'clock A.m. and

Recorded in Greenwich Land Records

In Book 6433 at page 123

Town Clerk

11583

This Document Prepared By:
**DENISE WEATHERS**
**JPMORGAN CHASE BANK N.A.**
**ATTN: W. SCHWARTZ TX1-2495, SYSTEM**
**MAINTENANCE**
**800 STATE HIGHWAY 121 BYPASS**
**LEWISVILLE, TX 75067**

When recorded mail to: #:7582704

WHEN RECORDED, RETURN TO:
FIRST AMERICAN MORTGAGE SERVICES
1100 SUPERIOR AVENUE, SUITE 200
CLEVELAND, OHIO 44114

Tax/Parcel No. 004-2259/S

_____ [Space Above This Line for Recording Data] _____

**Original Principal Amount: $4,500,000.00**          Investor Loan No.: X99
**Unpaid Principal Amount: $4,500,000.00**
**New Principal Amount $4,846,863.64**
**New Money (Cap): $346,863.64**

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

Borrower ("I")[1]: **SUSANNE P. WAHBA**
Lender ("Lender"): JPMORGAN CHASE BANK N.A.
Date of first lien Security Instrument (the "Mortgage") and Note ("Note"): **SEPTEMBER 29, 2003**

Property Address: **111 BYRAM SHORE ROAD, GREENWICH, CONNECTICUT 06830**

Legal Description:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Prior instrument reference: Recorded on OCTOBER 3, 2003 in BOOK 4449 PAGE 0162, of the Official
Records of GREENWICH TOWN, CONNECTICUT

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document
words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
Chase Lee Custom Way Forward Loan Modification Agreement 07172012|_109
First American Mortgage Services                              Page 4

BK 6 4 3 3 PG 0 1 2 4

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement (the "Offer"). This Agreement will not take effect unless and until the Lender signs it.

1.    **My Representations.** I represent to Lender and agree:

      A.    I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent;

      B.    I live in the Property as my principal residence and the Property is neither in a state of disrepair, nor condemned;

      C.    There has been no change in the ownership of the Property since I signed the Loan Documents;

      D.    I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action;

      E.    I have provided documentation for all income that I earn; and

      F.    All documents and information I provide pursuant to this Agreement are true and correct.

2.    **The Modification.** The Loan Documents are hereby modified as of **AUGUST 20, 2012** (the "Modification Effective Date") and all unpaid late charges are waived. The Lender agrees to cease any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified and the first modified payment will be due on the date set forth in this Section 2:

      A.    The Maturity Date will be: **OCTOBER 1, 2052.**

      B.    The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges), plus any advance made by the Lender for Escrow Items (including real estate taxes, insurance premiums and other fees) to cover any initial shortfall for Monthly Escrow Payments. The initial Monthly Escrow Payment is **$7,364.45.** The new Principal balance of my Note is **$4,846,863.64** (the "New Principal Balance").

      C.    Interest will begin to accrue as of **OCTOBER 1, 2012.** The first new monthly payment on the New Principal Balance will be due on **NOVEMBER 1, 2012,** and monthly on the same day thereafter.

My payment schedule on the modified Loan is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Interest Payment Amount | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| 1-24 | 2.0000% | 10/01/2012 | $0.00 | $14,677.55 | $7,364.45 Adjusts annually after year 1 | $22,042.00 Adjusts annually after year 1 | 11/01/2012 | 24 |

BK6433PG0125

| 25-36 | 3.0000% | 10/01/2014 | $0.00 | $17,232.70 | Adjusts annually | Adjusts annually | 11/01/2014 | 12 |
| 37-48 | 4.0000% | 10/01/2015 | $0.00 | $19,945.79 | Adjusts annually | Adjusts annually | 11/01/2015 | 12 |
| 49-480 | 4.1250% | 10/01/2016 | $0.00 | $20,291.90 | Adjusts annually | Adjusts annually | 11/01/2016 | 432 |

The Lender will notify me of the payment amount prior to the date that the monthly payment on the New Principal Balance will change.

The above terms in this section 2(D) shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step Interest Rate.

D.   . I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.H below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

E.   I will be in default if I do not (1) pay the full amount of a monthly payment on the date it is due, or (2) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in section 2(D) and there will be no interest payable on the Deferred Principal Balance, if any.

F.   If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3.   **Additional Agreements:** I agree to the following:

A.   That all persons who signed the Loan Documents have signed this Agreement.

B.   That this Agreement shall supersede the terms of any modification, forbearance or workout plan, if any, that I previously entered into with Lender.

C.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

D.   That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

E.   That I have no right of set-off or counterclaim, or any defense to the obligations under the Loan Documents.

BK 6433 PG 0126

F.    That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G.    That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

H.    That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I.    That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

BK 6433 PG 0127

In Witness Whereof, the Lender have executed this Agreement.

JPMORGAN CHASE BANK N.A.

By _____ (print name) (title)

Date 9-4-12

WENDY SCHWARTZ
Vice President

Diana Priest
_____ Witness
DIANA PRIEST
_____
Witness – Printed Name

_____ Witness
William Holmes
_____
Witness – Printed Name

_____ [Space Below This Line for Acknowledgments] _____

LENDER ACKNOWLEDGMENT

State of Texas
County of Denton

On this the 4th day of September, 20 12 before me, DIANA PRIEST, NOTARY PUBLIC, the undersigned officer, personally appeared Wendy Schwartz, Vice President, who acknowledged himself/herself/themselves to be the Vice President of JPMORGAN CHASE BANK N.A., a corporation, and that he, as such Vice President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Vice President.

In witness whereof I hereunto set my hand.



DIANA PRIEST
Notary Public, State of Texas
My Commission Expires
January 10, 2016

Diana Priest
DIANA PRIEST
NOTARY PUBLIC
Title of Officer

Chase Lee Custom Way Forward Loan Modification Agreement 07172012_109
First American Mortgage Services    Page 8

BK 6433 PG 0128

In Witness Whereof, I have executed this Agreement.

_____ (Seal)          _____ (Seal)
Borrower    DL CT 1830081 60             Borrower
SUSANNE P. WAHBA      eEP 06-26-18
_____                 _____
Date  August 29, 2012                   Date

_____ (Seal)          _____ (Seal)
Borrower                                 Borrower

_____                 _____
Date                                     Date

_____ (Seal)          _____ (Seal)
Borrower                                 Borrower

_____                 _____
Date                                     Date

_____                 _____
                    Witness                                  Witness

_____                 _____
         Witness – Printed Name                  Witness – Printed Name

_____ [Space Below This Line for Acknowledgments] _____

## FORM OF ACKNOWLEDGMENT FOR INDIVIDUAL

State of Connecticut
County of  FAIRFIELD     ss. GREENWICH (Town/City)

On this the  2A  day of  AUGUST , 20 12 , before me, SESUS BOSORQUES (name of notary), the
undersigned officer, personally appeared  SUSANNE  P  WAHBA             (name of
individual or individuals), known to me (or satisfactorily proven) to be the person(s) whose name(s)  IS  (is or
are) subscribed to the within instrument and acknowledged that  SHE  (he, she or they) executed the same for
the purposes therein contained.

In witness whereof I hereunto set my hand.

_____
Signature of Notary Public
My Commission Expires:  11-30-13

Jesus Bojorquez
Notary Public of Connecticut
My Commission Expires 11/30/2013

Chase Lee Custom Way Forward Loan Modification Agreement 07172012_109
First American Mortgage Services                           Page 9

BK 6433 PG 0129

### EXHIBIT A

BORROWER(S): SUSANNE P. WAHBA

LOAN NUMBER: 1022505841

LEGAL DESCRIPTION:

ALL THAT CERTAIN TRACT, PIECE OR PARCEL OF LAND, TOGETHER WITH THE
BUILDINGS AND IMPROVEMENTS THEREON, SITUATED IN THE TOWN OF GREENWICH,
COUNTY OF FAIRFIELD AND STATE OF CONNECTICUT, BEING APPROXIMATELY 1.50
ACRES IN AREA, PART OF WHICH IS AN ACCESS STRIP TO BYRAM SHORE ROAD, AND
FULLY AND DEFINITELY SHOWS AS LOT #2 ON A CERTAIN MAP ENTITLED, "PROPERTY OF
GEORGE P. AND MONICA A. SMITH GREENWICH, CONN." CERTIFIED SUBSTANTIALLY
CORRECT BY ALLAN S. DEVAUL FOR S.E. MINOR & CO., INC., CIVIL ENGINEERS,
GREENWICH, CONN, JULY 10 1969, REVISED JAN 3, 1972, WHICH MAP IS ON FILE IN THE
TOWN CLERKS OFFICE OF THE TOWN GREENWICH, BEING MAP NO. 5277, REFERENCE
THERETO BEING HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID
PREMISES.

ALSO KNOWN AS: 111 BYRAM SHORE ROAD, GREENWICH, CONNECTICUT 06830

WAHBA
45827018
FIRST AMERICAN ELS                    CT
MODIFICATION AGREEMENT

Chase Lce Custom Way Forward Loan Modification Agreement 07172012 109
First American Mortgage Services                          Page 10

Received for Record OCT 11 2012 //: 484 M. Attest _____
                                                        Town Clerk